**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LEATRICE FORD LANE,
        Appellant,

        v.

COURT SERVICES AND OFFENDER
    SUPERVISION AGENCY FOR DC,
        Agency.

DOCKET NUMBER
DC-0752-18-0760-I-3

DATE: March 22, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Sheila S Iverson, Mount Rainier, Maryland, for the appellant.

Julia Martin and Marvelle Butler, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely refiled. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, WAIVE the refiling deadline, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant was a GL-07 Offender Processing Assistant for the agency. *Lane v. Court Services and Offender Supervision Agency for D.C.*, MSPB Docket No. DC-0752-18-0760-I-1, Initial Appeal File (IAF), Tab 5 at 79.  Effective July 18, 2018, the agency removed her under 5 U.S.C. chapter 75.  *Id.* at 79-88, 92-99.  On August 17, 2018, the appellant filed a timely Board appeal of her removal.  IAF, Tab 1.  Prior to the close of the record, the appellant submitted medical documentation, indicating that she was suffering from numerous psychological problems and had to undergo surgery for a brain aneurysm.  IAF, Tab 13.  The administrative judge contacted the appellant, who agreed to a dismissal without prejudice.  IAF, Tab 15 at 2.  The agency had no objection.  *Id.* at 2 n.*.  Accordingly, on November 16, 2018, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling within 120 days.  *Id.* at 1-3.

¶3    On February 20, 2019, the appellant sent the administrative judge an ambiguous email about her case.  *Lane v. Court Services and Offender Supervision Agency for D.C.*, MSPB Docket No. DC-0752-18-0760-I-2, Appeal File (I-2 AF), Tabs 1-2.  A Board paralegal contacted the appellant, who confirmed that she intended to refile her appeal.  I-2 AF, Tab 2 at 1 n.1*.  However, the appellant requested that her appeal be dismissed without prejudice for an additional 120 days, and on February 27, 2019, the administrative judge granted the appellant's motion.  I-2 AF, Tab 3; *Lane v. Court Services and Offender Supervision Agency for D.C.*, MSPB Docket No. DC-0752-18-0760-I-3, Appeal File (I-3 AF), Tab 2 at 2.  The new refiling deadline was June 27, 2019.

¶4    On August 9, 2019, the appellant sent the administrative judge another email, stating as follows:

3

> My apologies for missing deadline to request reopening of my appeal in the above matter.
>
> I have been recovering from brain surgery to remove an aneurysm, while, battling depression and anxiety. I was recently hospitalized and released from [the] hospital on Tuesday, August 6[,] 2019. I am requesting reopening appeal in the above matter.

I-3 AF, Tab 1. The administrative judge issued a show cause order, informing the appellant that her refiled appeal was untimely. He notified her of the standard for showing good cause for an untimely refiling and directed her to submit evidence and argument on the issue. I-3 AF, Tab 2 at 1-3. After both parties responded to the order, I-3 AF, Tabs 3, 5, the administrative judge dismissed the appeal as untimely refiled without good cause shown for the delay, I-3 AF, Tab 6, Initial Decision (ID). He considered various factors weighing both in favor of and against waiving the refiling deadline, and he determined that dismissal was appropriate under the totality of the circumstances. ID at 7-18.

¶5 The appellant has filed a petition for review, disputing the administrative judge's good cause analysis and several of his underlying findings of fact. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

¶6 As stated above, the refiling deadline was June 27, 2019, and the appellant did not refile her appeal until August 9, 2019, forty-four days late. *Supra* ¶¶ 3-4. These facts are undisputed. Therefore, the only issue is whether the refiling deadline should be waived. The Board has held that dismissals without prejudice should not become a trap to deny an appellant the opportunity to have her case decided on the merits. *Jaramillo v. Department of the Air Force*, 106 M.S.P.R. 244, ¶ 6 (2007). The Board has also found that an appellant should not be denied the opportunity to have her appeal heard on the merits when her intention to refile a Board appeal has been clear throughout the proceedings and the appeal was initially timely filed. *Shenwick v. Department of State*, 90 M.S.P.R. 192, ¶ 9

(2001). Accordingly, it has identified specific standards applicable to determining whether good cause exists for excusing an untimely refiled appeal of a matter previously dismissed without prejudice. These include the following: the appellant's pro se status; the timeliness of the initial appeal; the appellant's demonstrated intent throughout the proceedings to refile the appeal; the length of the delay in refiling; confusion surrounding and arbitrariness of the refiling deadline; the number of prior dismissals without prejudice; the agency's failure to object to the dismissal without prejudice; and the lack of prejudice to the agency in allowing the refiled appeal. *Sherman v. U.S. Postal Service*, 118 M.S.P.R. 265, ¶ 9 (2012).

¶7        In this case, the administrative judge found that the appellant was acting pro se for the majority of the proceedings, but that this factor was not particularly compelling "given the explicit and unambiguous clarity of notice" in his oral and written refiling instructions. ID at 8. The administrative judge considered the appellant's contention that she believed that the 120-day refiling period began on the finality date of the initial decision, but he declined to credit this explanation because it was inconsistent with the plain language of the refiling instructions and she had previously demonstrated her ability to refile on time. ID at 9. The administrative judge considered that there were only two dismissals without prejudice in this case and that the appellant demonstrated her intent to pursue her appeal, but he found that these factors weighed only minimally in her favor, given her repeated failure to follow his orders in the initial appeal phase.[2] ID at 9-10. The administrative judge further considered that the length of the filing delay weighed against waiving the deadline and that the agency would suffer at least minimal prejudice if the filing deadline were waived. ID at 10-11. He considered that the agency had consented to the dismissals, but he found that this fact was not particularly significant under the circumstances of the case. ID at 10.

---

[2] The appellant's failure to follow the administrative judge's orders resulted in an order to show cause why the administrative judge should not impose sanctions, including dismissal. IAF, Tab 10.

Finally, the administrative judge considered the appellant's explanation for the filing delay, i.e., that she was suffering from health conditions that interfered with the timely refiling. However, he found that the appellant failed to provide sufficient medical documentation to substantiate her claims, and that she failed to establish a causal connection between these conditions and her ability to refile on time. ID at 11-12.

¶8    Considering the record as a whole, we find it appropriate to waive the filing deadline. The appellant filed her initial appeal on time, and notwithstanding the two dismissals without prejudice, at no point in these proceedings has the appellant indicated an intention to abandon her appeal. As for the reason that the appellant missed the filing deadline, we agree with the administrative judge that she did not submit medical evidence of incapacitation during the relevant time period. ID at 11-12. However, the record is sufficient to show that the appellant was suffering from health conditions that required intensive treatment and likely interfered with her ability to conduct her business, at least to some degree. I-3 AF, Tab 3. We also agree with the administrative judge that the dismissal without prejudice set forth a clear deadline for refiling, and despite the appellant's arguments on review, it does not appear that she missed that deadline because of a miscalculation.[3] PFR File, Tab 1 at 11-14; I-2 AF, Tab 3 at 3. Nevertheless, we find that the appellant's pro se status contributed to her untimely refiling to the extent that there was nobody to help her monitor the deadline. In any event, regardless of whether the appellant exercised due diligence in refiling her appeal, the Board has occasionally dispensed with the due diligence requirement for untimely refilings when, as here, other factors favoring a waiver are present. *See, e.g., Jaramillo v. Department of the Air Force*, 106 M.S.P.R. 244, ¶¶ 5-6, 8 (2007); *Hodges v. Office of Personnel*

---

[3] In particular, the appellant has not explained exactly what mistake she made in calculating the deadline, and she has not identified the date that she believed the deadline to be.

*Managemen*t, 101 M.S.P.R. 212, ¶¶ 10-11 (2006); *Shenwick v. Department of State*, 90 M.S.P.R. 192, ¶¶ 8, 11 (2001).

¶9        Finally, although a 44-day filing delay is significant, we disagree with the administrative judge that the agency would be prejudiced by a waiver of the refiling deadline.  ID at 10-11.  The administrative judge found that the agency would be prejudiced by a waiver of the deadline because the "10-month delay on processing time will undoubtedly create some additional work for the agency as it relates to preparing and updating its closing submissions," and the agency would suffer an inherent prejudice if he failed to enforce his own orders and the Board's regulations requiring a demonstration of good cause to support a waiver of filing deadlines.  *Id.*  However, the creation of additional litigation work for agency counsel is not the same thing as prejudice to the agency's substantive rights, i.e., prejudice affecting its ability to prevail on the merits.  Moreover, the additional work of preparing and updating submissions would have been required even if the appellant had refiled on time.  We also do not think that an administrative judge's "failure to enforce" a refiling deadline is inherently prejudicial.  Otherwise, prejudice would be inherent in any deadline waiver.

¶10       Notwithstanding our decision on this petition for review, we agree with the administrative judge that the appellant's untimely refiling is not the first time she has failed to comply with his orders.  ID at 9; IAF, Tab 10.  We remind the appellant that she is required to comply with the orders of the administrative judge, and that her failure to do so in the future may result in sanctions, up to and including dismissal of her appeal.  *See* 5 C.F.R. § 1201.43.  A party to Board proceedings ignores the administrative judge's orders at her own peril.  *See White v. Social Security Administration*, 76 M.S.P.R. 303, 307 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998).

**ORDER**

¶11    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


*Gina K. Grippando*

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.